Smith, P. J.
On the 24th of September, 1885, Ann Buckley died at Farmington, in the county of Ontario, leaving two instruments, one dated the 19th of August, 1885, and the other dated the 12th of September, 1885, the former of which is alleged by the appellant and the latter of which is alleged by the respondent to be the last will of said deceased. On the first day of October, 1885, the respondent who was named in the latter instrument as the executrix thereof, presented her petition to the surrogate of the county of Ontario, duly verified, alleging that the said deceased was, at the time of her death, a resident of the county of Ontario, and that she died possessed of personal property in that county, and praying for probate and citation. Thereupon the surrogate of that county issued a citation directed to the heirs at law and next of kin of the decedent, returnable on the 24th of November, 1885, which, on the second day of October was served on three of the persons cited.
On the fifth day of October, the appellant herein who is named in the earlier instrument as the executor thereof, filed his petition for the probate ■ thereof, duly verified, in the surrogate’s court of the county of Monroe, alleging that the decedent, at the time of her death, was a resident of the latter county, and that all her property was situated at that time in the city of Rochester. Thereupon the surrogate of Monroe county issued a citation returnable on the 19th of November, which was served on the day it was issued on one or more of the heirs at law of the deceased. Upon the return day of that citation, the respondent, Mrs. O’Connell, who was named as a legatee in the earlier instrument, appeared and filed objections to the probate of said instrument, alleging, first, that the deceased, at the time of her death, was a resident of the county of Ontario and not of Monroe and secondly, the making of the later instrument, and the instituting of proceedings for the probate of the same in the surrogate’s court of Ontario, as above stated.
The surrogate of Monroe thereupon made an order whereby, after reciting the coming on of the matter to be heard upon the petition of the appellant, the objections made by the respondent, and that it appeared from the *675 proofs before him. that the citation from the surrogate’s court of Ontario was duly issued and served before the issuing of the citation from the surrogate’s court of Monroe, it was adjudged that the surrogate’s court of Ontario thereby acquired exclusive jurisdiction to try the preliminary question of the residence of the decedent. The said order further stated that the court would dismiss the proceeding before it, were it not for the additional expense which would be entailed upon the estate in case the surrogate of Ontario should decide that the residence of the deceased was, at the time of her death, in the county of Monroe, and it was therefore further ordered that the case be adjourned until the 29th of December, 1885, to enable the surrogate of Ontario to determine the question of residence, and the order also provided that in case the surrogate of Ontario should decide that the decedent was, at the time of her death, a resident of the county of Ontario, then that said proceeding be dismissed. From that order this appeal is taken. ■
, The counsel for the respondent contends that the order is merely an order of adjournment, and therefore is not appealable. It is more than that. It dismisses the proceeding, in a certain contingency therein specified, and to that extent, may be said to affect a substantial right. Whether, however, an appeal will lie, before the contingency has happened, and the order has had the effect to work a dismissal, is a question of some doubt, which it is unnecessary to consider, in the view we take of the merits of the appeal.
Treating the order as a dismissal of the proceeding, on the ground that the surrogate of Ontario had acquired prior exclusive jurisdiction to try the question of residence, we think it is clearly right. Section 2475 of the Code of Civil Procedure provides that jurisdiction, once duly exercised over any matter, by a surrogate’s court, excludes the subsequent exercise of jurisdiction by another surrogate’s court over the same matter, and all its incidents, except as otherwise specially prescribed by law. That provision controls here. The surrogate’s court of each county has jurisdiction, exclusive of every other surrogate’s court, to take the proof of a will when the decedent was, at the time of his death, a resident of that county, whether his death happened there or elsewhere (Code, § 2476). The petition that was presented to the surrogate’s court of Ontario, followed by the service of its citation upon one or more of the parties to whom it was directed, gave that court jurisdiction to try the question of residence, of which jurisdiction that court could not be deprived by subsequent proceedings in the surrogate’s court of another county. Bumstead v. Reed, 31 Barb., 661; People ex rel. Wetherhead v. Waldron, 52 *676 How. Pr. R., 221. The case of People ex rel. James v. Surrogate of Putnam County, 21 W. Dig., 498, cited by the appellant’s counsel, does not sustain his position, and accords with the cases above cited. The order appealed from was judiciously framed to avoid an unseemly conflict of jurisdiction, and to save the estate from needless expense. It should be affirmed, with ten dollars costs and disbursements, to be paid by the appellant.
All concur.
So ordered.